Filed 2/4/16  P. v. Gallardo CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B264586 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA088767) |
| v. | |
| GUSTAVO GALLARDO, | |
| Defendant and Appellant. | |

THE COURT:[*]

Gustavo Gallardo (defendant) appeals following his plea of "no contest" in case No. GA088767 to one count of vandalism over $400 in damage in violation of Penal Code section 594, subdivision (a).  Defendant was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood.  The trial court expressly found defendant's waivers and plea were voluntary, knowing and intelligent.  Pursuant to the terms of the plea bargain the court sentenced defendant to two years in the county jail.  After a contested restitution hearing, the court ordered defendant to pay restitution in the amount of $10,000.

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

The preliminary hearing transcript shows that: On June 2, 2012, at approximately 10:40 a.m. police responded to a report of vandalism at a lumberyard; and a police officer observed defendant "standing in the middle of some equipment . . . hammering on some equipment and occasionally using some type of pry device and working on the equipment."[1]

Defendant filed a timely notice of appeal from the judgment in which he checked the preprinted boxes indicating his appeal was "based on the sentence or other matters occurring after the plea"; he did not obtain a certificate of probable cause. We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On November 10, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

Defendant's guilty plea and failure to obtain a certificate of probable cause limit the potential scope of defendant's appeal to "grounds that arose after entry of the plea and do not affect the plea's validity" or "the denial of a motion to suppress evidence under Penal Code section 1538.5." (Pen. Code, § 1237.5, Cal. Rules of Court, rule 8.304(b).)

Defendant was represented by counsel throughout the proceedings. There was no error in the sentence, which was in accord with applicable law and the negotiated disposition. At the restitution hearing, the trial court heard testimony from a 27-year employee of the victim company who was knowledgeable of the amount of the damaged property, and following argument by counsel, awarded the victim $10,000 in restitution, which represented the fair market value of the damaged property. (See Article I, section 28, subdivision (b), of the California Constitution [all persons who suffer losses as a

---

[1]    In addition to vandalism, defendant was also charged with attempted grand theft and second degree commercial burglary in violation of Penal Code sections 664, 487, subdivision (a), and 459, respectively, but those counts were dismissed as part of defendant's plea agreement.

result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer].)

We have examined the entire record and have found that no arguable issues of any sort exist, let alone issues cognizable without a certificate of probable cause. We are satisfied that defendant's attorney has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.